UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| PATRICK KEITH KING & PAM KING | CIVIL ACTION |
|---|---|
| VERSUS | NO: 08-4708 |
| THE CITY OF PEARL RIVER, ET AL. | SECTION: S (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by the defendants, the City of Pearl River, Louisiana, Police Chief Bennie A. Raynor, Lieutenant Stan F. Heinrich, Corporal Dale Pichon, and Officer Guy B. Carlberg (Doc. #25), is **GRANTED**, and plaintiffs' complaints are **DISMISSED**.

## BACKGROUND

This matter comes before the court on a motion for summary judgment filed by the defendants, the City of Pearl River, Louisiana ("City of Peal River"), Police Chief Bennie A. Raynor ("Police Chief Raynor"), Lieutenant Stan F. Heinrich ("Heinrich"), Corporal Dale Pichon ("Pichon'), and Officer Guy B. Carlberg ("Carlberg"). Defendants argue that there is no genuine issue of material fact that they are entitled to summary judgment on plaintiffs' claims brought pursuant to 42 U.S.C. § 1983.

On October 21, 2007, plaintiff, Patrick King ("King"), was pulled over by Heinrich for having a non-working taillight. King began to act violently, prompting Heinrich to arrest King, who resisted arrest. Ultimately, six officers were required to gain control of and arrest King. He was charged with failure to yield the right of way, no headlights, three counts of battery on a police officer, and three counts of resisting an officer. On September 29, 2008, King entered a plea agreement wherein he pleaded *nolo contendere* to two counts of battery. In return the District Attorney entered a *nolle prosequi* on all remaining charges. King waived his right to delay in sentencing and was sentenced to serve fifteen days in jail on each count.

King and his wife, Pam King, filed this suit pursuant to 42 U.S.C. § 1983 alleging that the defendant officers, Heinrich, Pichon, and Carlberg, violated King's constitutional rights under the Fourth Amendment to be free from unreasonable search and seizure when they used unreasonable excessive force while arresting him. Plaintiffs also allege that Police Chief Raynor, in his official and individual capacity, is liable for failing to properly train the police officers in the appropriate methods of conducting traffic stops, detaining, and arresting citizens. Additionally, plaintiffs allege that the City of Pearl River is responsible under municipality liability as the ultimate policy maker for this unlawful arrest. Further, plaintiffs assert claims under Louisiana law against all defendants.

**ANALYSIS**

**1.     Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that

there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.     Defendant's Motion for Summary Judgment**

**A. Plaintiff's Claim against Officers is Barred under the Heck Rule**

In Heck v. Humphrey, 512 S.Ct. 477, 486-87 (1994), the Supreme Court of the United States held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

3

Pursuant to Louisiana Code of Criminal Procedure article 552, a plea of *nolo contendere* constitutes a conviction. Thus, the Heck rule applies to pleas of *nolo contendere* in Louisiana. See Watson v. New Orleans City, 275 F.3d 46 (5th Cir. 2001).

In a §1983 claim against arresting officers and their supervisors, "the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Connors v. Graves, 538 F.3d 373, 376 (5th Cir. 2008). "If so, the claim is barred unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. Further, in Edward v. Balisok, 520 S.Ct. 641, 646-48 (1997), the Supreme Court of the United States of America found that when a plaintiff makes allegations in a civil suit brought pursuant to § 1983 that are inconsistent with a criminal conviction, his civil suit is barred under Heck.

In Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996), the United States Court of Appeals for the Fifth Circuit held that Heck barred a § 1983 claim based on excessive force during an arrest. In Louisiana, self-defense is considered a justification defense to a crime where the accused must show that his use of force against an officer was both reasonable and necessary to prevent forcible offense against himself. Id. Thus, the Hudson court reasoned that plaintiff's claim against the officers for use of excessive force would necessarily imply the invalidity of his arrest and conviction for battery, because if successful it would suggest that the officers used unreasonable force and thus undermine plaintiff's conviction for committing battery against the officers. Id.

4

Here, plaintiffs' § 1983 claim would imply the invalidity of King's battery conviction, because in his affidavit he denies using any force against any of the officers, despite having entered a plea agreement wherein he pleaded *nolo contendere* to two charges of battery. Therefore, King has made an allegation inconsistent with his conviction, which bars his § 1983 claim pursuant to Heck and Hudson. Moreover, the factual basis for King's battery conviction is not temporally and conceptually distinct from the excessive force claim, because the alleged excessive force occurred immediately prior to his arrest. Cf. Bush v. Stain, 513 F.3d 492, 497 (5th Cir. 2008) (claim of excessive force after the arrestee has ceased resistance would not imply the invalidity of the conviction for earlier resistance). Accordingly, Heinrich, Pichon, and Carlberg, are entitled to summary judgment on plaintiffs' § 1983 claims, and those claims are DISMISSED.

**B. Municipality Liability**

A suit against Police Chief Raynor in his official capacity is in essence a suit against the City of Pearl River.[1] Woodard v. Andrus, 419 F.3d 348, 352 (5th Cir. 2005) (citing Monell v. Dep't of Soc. Serv., 98 S.Ct. 2018, 2035 n.55 (1978)). A local governmental body is liable for damages under § 1983 for constitutional violations resulting from official city policy. See Monell, 98 S.Ct. at 2035-36. A municipality or government body cannot be held vicariously liable under §1983 for the constitutional torts of its employees or agents. Id. at 2037.

---

[1] Plaintiffs also sued Police Chief Raynor in his individual capacity. However, all of Police Chief Raynor's alleged actions were done in his official capacity as police chief. Plaintiffs fail to allege that Police Chief Raynor was present at the arrest or took any other personal actions against King. Therefore, plaintiffs' individual capacity claims against Police Chief Raynor are DISMISSED.

To establish liability for a constitutional violation against the governmental bodies, the plaintiffs must prove three elements: (1) a policy maker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. Monell, 98 S.Ct. at 2037. Section 1983 does not permit municipal liability predicated on *respondeat superior*. Bd. of Comm'rs of Bryan County v. Brown, 117 S.Ct. 1382, 1388 (1997), "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). Inadequacy of training "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the employees come into contact." City of Canton, Ohio v. Harris, 489 S.Ct. 378, 388 (1989).

The "policy maker" prong is satisfied if actual or constructive knowledge of a policy is attributable to the municipality's governing body or to an official to whom the municipality has delegated policy making authority. Webster v. City of Houston, 735 F.2d 838, 842 (5th Cir. 1984) (*en banc*). Presumptive policymakers for the police include the mayor, the city counsel and the chief of police. Id.

The "official policy" prong requires that the deprivation of constitutional rights be inflicted pursuant to an official custom or policy. "Official policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations." Piotrowski, 237 F.3d at 579. However, a policy may also be a custom that is " . . . a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-

6

settled as to constitute a custom that fairly represents municipal policy . . ." Id. (quoting Webster, 735 F.2d at 841).

To satisfy the "moving force" prong, the plaintiff must show culpability and causation. A municipality is culpable under § 1983 if: (1) the official policy is unconstitutional; or (2) if the official policy was "promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." Id. (quoting Bryan County, 117 S.Ct. at 1389). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." Id. (quoting Bryan County, 117 S.Ct. at 1389). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference . . ." Alton v. Texas A & M Univ., 168 F.3d 196, 201 (5th Cir. 1999). "For an official to act with deliberate indifference, the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." City of Canton v. Harris, 109 S.Ct. 1197, 1204. Generally, proving deliberate indifference requires proving a pattern of violations. Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003) (quoting Thompson v. Upsher County, 245 F.3d 447, 459 (5th Cir. 2001)). If the municipality is culpable, there must also be a direct causal link between the official policy and the constitutional depravation. Piotrowski, 237 F.3d at 580. In other words, "the policy must be the 'moving force' behind the violation." Id. (citing Monell, 98 S.Ct. at 2037-38).

Plaintiffs allege that defendants, the City of Pearl River and Police Chief Raynor, have customs, practices, and procedures of negligently and inadequately hiring, training, supervising, and retaining officers. In addition, plaintiffs allege that Police Chief Raynor is responsible for

7

promulgating policies and implementing training to maintain an effective police force. Thus, plaintiffs have identified Police Chief Raynor as a "policymaker." However, plaintiffs have failed to point to an official policy. Plaintiffs have offered no evidence that an official policy or custom exists to inadequately prepare police officers for duty. Further, plaintiffs have not shown that this alleged policy was the "moving force" behind a constitutional violation. Plaintiffs have offered no evidence that Police Chief Raynor was deliberately indifferent to his responsibility to adequately train his police officers. Therefore, the City of Pearl River and Police Chief Raynor are entitled to summary judgment on plaintiffs' § 1983 claims, and those claims are DISMISSED.

### C. State Law Claims

Plaintiffs also assert claims under Louisiana law. However, because their federal claims have been dismissed, it is appropriate for the court to decline to exercise supplemental jurisdiction over their state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim...if...the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.") Accordingly, plaintiffs' state law claims are DISMISSED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by the defendants, the City of Pearl River, Louisiana, Police Chief Bennie A. Raynor, Lieutenant Stan F. Heinrich, Corporal Dale Pichon, and Officer Guy B. Carlberg (Doc. #25), is **GRANTED**, and plaintiffs' complaints are **DISMISSED**.

New Orleans, Louisiana, this __25th__ day of June, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**